Case number 15-3208, Richard Baatz, et al. v. Columbia Gas Transmission Oral argument on page 15, minutes per side. Mr. Linder, will you help us? Residential property owners in Medina, who found out after roughly three and a half decades that Columbia Gas had been storing natural gas below their homes. They found out by getting a written notice in the mail stating, sign on the dotted line here and we'll send you $250. It's like a half a mile down, though. Well, you know, interesting you say that because as we sit here, in California right now there's 110,000 pounds of gas per hour leaking out of one of those very same underground storage facilities just outside of Los Angeles. It's been leaking since October and they've not been able to cap that and they don't know why. What's the relevance of that? Well, it might be a half mile down, but it's still very much a concern for these people that they live over top of it, that nobody knows geologically whether it's safe. And these things do occasionally bust. And that's why the lawsuit got filed in the first place. That and the Natural Gas Act, which says that eminent domain proceedings need to commence for the purpose of paying these people just compensation. The Natural Gas Act also says that in order, which of course that hasn't happened in this case procedurally, they just skipped right past that. The law also says my people are entitled to sue for trespass for all the years that they weren't notified of this. Now, with regards to that, the Natural Gas Act says that we're supposed to file a suit where the property is located, and that only makes sense. Actually, the standard venue rules also say the same thing with eminent domain cases, condemnation cases. It's a venue provision, right? Yes. Both venue provisions. That's right. So my clients did that. They filed a suit seeking a mandamus telling Columbia Gas to actually commence the statutory procedure. The issue in this case, though, is that there's a previous suit where there are putative class members. They're not actually been certified, but they're putative class members in a previous suit. So the merits of the case don't affect that issue. I mean, we just have to decide whether the first-in-time rule applies in that type of situation. Is that right? Yes, and sort of. And so I'll address both. A lawsuit purporting to be a putative class was filed, of which, of course, we had no notice. It was actually filed in 2012. We passed the three-year anniversary on that case right now. My clients were not in it. I'm sorry. Finish your answer. Yes. In that case, Columbia Gas filed an answer, and they countersued the plaintiffs. What they then did, the court said, you know, it's real estate. Every property is unique. There might be a commonality problem. Tell you what, Columbia Gas, we want you to add every single property owner in Ohio affected. Okay. Well, that doesn't sound like a class. It certainly doesn't sound like certifications anywhere, even possibly remotely possible. And on top of which, Columbia Gas, who's now asserting Civil Rule 71.1, is vehemently arguing against class certification. So what they did is they attempted, and that's an important word, attempted to add every landowner in Ohio affected by these undisclosed underground natural gas storage facilities. And I say attempted because they did it as a counterclaim, a stand-alone counterclaim. They didn't answer in a counterclaim, and then they made the mistake again by doing it as a second amended counterclaim. I thought the concept of the district court in this case was that the district court in the other case could resolve all those challenges that you're raising right now. So if that's true, then you can raise them now and talk about them, but the idea is that they'll be resolved in the other litigation. Isn't that sort of the idea underlying what the district court did in this case? Well, what the district court did in this case is they dismissed our case. I understand. And they said go to the southern district. They were first to file, but they weren't first to file. I'm asking about all these issues you're talking about, about the venue and whether a counterclaim is a pleading and all that stuff. I'm not saying you're right or wrong on that. I'm saying my understanding of what the district court's thinking about those issues was wasn't that you were right or wrong, but that they ought to be resolved first in the case that first raised all this stuff. Well, procedurally what we've gotten here is a real – Is that right or wrong? Partially right. What the court also said – What's wrong with it? The court did say, I recognize that they may not have a forum to seek redress in at all. She actually said those words. That sounds more like a challenge to the relief that they gave in applying – that the district court gave in applying the first to file rule. I wonder whether it might not be that the first to file rule should have been applied, but perhaps instead of dismissing they had stated or transferred it or done some other relief. Would that satisfy you? Well, the answer is – Maybe partially. How does it not satisfy you? The answer is, first of all, why should my clients in the Northern District of Ohio have to go south? This is the docket in that case already. They haven't gotten – I mean, it's not Peru. They haven't gotten to anything substantive. The case is more than three years old. What's happening is litigation fatigue, economic fatigue, and thousands of other parties who are now tied up in this morass of what is now – The first to file rule shouldn't apply if the first filing is sort of burdensome? No. The first to file rule doesn't apply here because they weren't the first to file. My clients filed suit. To this date, they haven't been added in that other case. There is no possibility of a class certification. The issue of whether the first to file rule applies when there's a putative class action and they're members of the putative class. But the putative class has already been indicated. It's not going to get granted. Again, every single party of the class has been required to be named. So that's not what a class action is. There's no commonality possibility. It's real estate. By definition, it's inherently unique. We have residential properties. We have commercial properties. We have farmland. Just to get the bottom line of my question, I know Judge Heiner has some questions. It's basically that a requirement that the district court simply modify its ruling from dismissal totally to a stay or some other lesser relief that allow the possibility of your ultimately getting relief if the rulings go the wrong way in the other court. The only way that that is insufficient to meet your concerns is that it's just a burdensome litigation down there. Is that right or is there some other ground? I believe that this court should be telling the northern district that the first to file rule does not apply in this particular case. The reason I also believe that is it doesn't afford us the remedies available in the case we filed. After all, we've been brought in procedurally as a counterclaim. How do you counterclaim a counterclaim? We are being deprived of our opportunity to bring our affirmative claims, and we certainly would have the right to, by the way, refuse to be part of the class, which we would. The problem we have is my clients can't get relief right now if I'm in the southern district. 71.1 is invoked when a complaint is filed, but the complaint isn't filed by the people asserting it right now. The counterclaim is. The answer is. They're the defendant. The complaint was filed by a plaintiff that was situated, a landowner in Ohio that also didn't receive notice, but they're down in the southern district. My clients should have the opportunity to have their case heard where they file it, should have the opportunity to argue it in their own district, particularly when class isn't a possibility and they haven't even been named in the other case. I'm sorry. I know it feels like I'm getting circular, but I believe this court should tell the trial court in the northern district that first to file doesn't apply here. The people asserting it are not the ones who have the right to assert it. It could be the plaintiffs in the Wilson case but not the defendants, and that's what I'm asking this court to do. I'm sorry. What happened to the other case? I'm sorry. Say again. What has happened, if anything, to the other case? The only substantive ruling that has occurred to date, and there's 781 filings so far as of yesterday, is that the trial court there denied a motion to dismiss by Columbia on state tort grounds for trespass for all the years that they did not comply with the Natural Gas Act. That's the only substantive ruling that's been made. There are people still answering counterclaims as we sit here. And by the way, service hasn't even happened. They had a courier drop these off on our front porch and then sign an affidavit saying they personally served us. My people came home from work and found something that thick sitting on the front lawn. That's how we were served in this case. There's so many procedural rules that have been just looked past. Civil Rule 13 itself even tells them where to go. If you look at Civil Rule 13H, it says go to Civil Rule 19 and 20. That's how you add parties because that allows us the opportunity to countersue, but they didn't do that. So Civil Rule 7, Civil Rule 13, Civil Rule 4 have all been just pushed to the side here. Then you have the venue issues within the Natural Gas Act itself, the mandatory procedural issues of commencing the litigation within the Natural Gas Act itself, which requires appraisals and so forth. None of that's happened. Nothing has happened. It's more than three years old now. I have simple folks from Medina County who are just looking for an avenue of redress, and they can't get it. We're stuck. Ed Scholder might quarrel with the aspect of people from Medina being simple folk. Well, I'm saying my particular clients are unassuming type people, not simple intelligence-wise by any stretch, but just normal, everyday, hardworking people who are very concerned about this gas being below their house, and they have to disclose it on the residential property disclosure forms when they try to sell. We've had more than one bank tell them they won't refinance on these houses because of this. It pulls up on the title searches now. That's a problem. It has affected the substantive right of these people, and if we follow the procedures, I mean, we have procedural rules, we have statutes for reasons they're supposed to be followed, and, you know, so far Columbia hasn't followed them. The trial court, I don't believe, has followed them. My clients have followed them, and, you know, with regards to first-of-file rules. It's going to be on their liens no matter whether they get compensation for it or not, isn't it? That's true. This gas is going to go down there one way or the other. That's true. I'm having a hard time seeing what additional weight there is to your argument that it's affecting their ability to sell their house. Okay. A couple things. Number one, the lien would be there, but if they were compensated, that's fine when they sell their house for less than they could otherwise, but they've been compensated. With regards to, but they can't get to the compensation. Yeah, that's true. To any litigant, if they get their compensation, they'll have more money than if they don't get their compensation. But they aren't having it. The effect on the lien is I don't see how it could be any different, really. Well, they haven't had the opportunity to actually go get their compensation because we're stuck. I'm asking a limited, very limited question of what the relevance is about the lien. I just don't see it. Well, it's. . . The lien is going to be affected just as much whether they get their compensation or not, so we're back to whether they get the compensation, which is the issue. That's right. That is the issue. We just want to get the compensation, but we need an opportunity to do it. I am at 30 seconds, so I will wrap up for this round and just say I believe this court should reverse the trial court, should remand it for trial, should tell the court that the first-to-file rule does not apply in this circumstance, and if it does, my clients were, in fact, the first to file. Thank you. Thank you. Good morning, Your Honors. May it please the court, I'm Paul Stockman from McGuire Woods. On behalf of Applee Columbia Gas Transmission, joining me at council table is my partner, Jody Lawson. Your Honors, really, this is a straightforward application of the first-to-file rule. Judge Wells' ruling dismissing a duplicative follow-on lawsuit was well within the ample bounds of her discretion. They weren't parties to the first lawsuit, though, right? They were properly. I can answer that in two ways, Your Honor. First, they are undisputed parties at the time that the second lawsuit was filed, for sure. They were undisputedly members of the Wilson class, and there is. The class hadn't been certified. Well, but there's an abundance of case law that we cite in our brief for the proposition that the first-to-file rule doesn't depend on a certified class, that a court in a second-filed action may provide that the second-filed action gives way in favor of a class action that would encompass the same claims. May doesn't mean that it has to. Well, may, but, again, this is an abuse of discretion standard, and so the judge is. In evaluating the abuse of discretion, we should take into account things like whether it's likely to be certified? No, Your Honor. I think that. It doesn't seem like a pretty relevant factor. Those cases don't say you have to certify. I mean, you have to follow the first-to-file rule. Is that correct? But the cases say that the district court, in exercising its discretion, may consider the pendency of a class action that, if successful, would encompass the claims. Right. And under those circumstances, may. May consider it, but you would think that looking at it and seeing that the class is unlikely to be certified, that there's this hurdle and that hurdle, might exercise discretion not to do that, right? Yes. I mean, if Judge Wells had done that, and if we were coming in on appeal complaining about the fact that Judge Wells did not dismiss the case or did not stay the case, I mean, I think we would have a very tough road to hoe because it's a. . . Let me ask you this, then. If it's bound up in the discretion of the district court and you're supposed to consider various factors, try to come up with what's a reasonable way of having this litigation proceed in Ohio, I'm having trouble seeing how dismissal is the right way to go rather than one of the lesser ways in which Judge Wells could wait and see what's happening down there. Yeah. And I understand where you're coming from, Your Honor, but as a practical matter, the effect is the same. So you wouldn't object to a remand to modify the belief? To stay? I mean, as long as. . . Or a transfer or something that would preserve their ability to sue in the northern district if some of the arguments that are made in the southern district preclude them from getting the identical relief? I think it's just a step. . . Is that right? You wouldn't object to that or you would object to that? I think it's a step the court doesn't need to take because. . . State what? A step that the court doesn't need to take. Because as a practical matter, if this court affirms that the plaintiffs here go to Judge Graham, they have motions to dismiss pending, Judge Graham could agree with them, dismiss them. What would be the harm in just staying at them? No harm. It's an extra case on the docket because Judge Graham could dismiss them or if the class is certified, they could opt out, or if the class is not certified, any statutes of limitations are told. So there would be nothing preventing them from recommencing this lawsuit, assuming that it had any substantive merit once these issues have been hashed out in Judge Graham's courtroom. So if they opt out or the class isn't certified, you're saying the statute of limitations, there's no effect on the statute of limitations? I believe the law is fairly well established that during the pendency of a putative class action, the statute is told as to absent class members until the court has ruled on class certification. I don't have a case citation for you, but I think that's reasonably well established. I think the one thing that's important to point out here is that this does not really work an injustice. I mean, as we pointed out, the plaintiffs are entirely capable of reasserting their claims in an appropriate venue of their choosing once Judge Graham has resolved the issues. And, in fact, I would submit to the court that the equities favor Columbia in this circumstance. One of the core purposes behind the first— Counterclaim against—I know this is arguably an issue that isn't before us and won't come before us, but I'm still puzzled how you can counterclaim against a party that isn't a party, not parties in the other suit, or at least they weren't. They were putative class members. Yeah, under— Putative class members, not a party, right? Correct. Okay, so they're not parties, and you counterclaim against a not party? You can under Rule 13H. The only restriction is that you can't—I mean, if you've got Smith v. Jones, Jones can't counterclaim against Richards, but Jones can counterclaim against Smith and join Richards under Rule 13H. So they have to join them, like serve them with process and all that? Yeah, and that's what happened here. The plaintiffs and appellants here were joined to the Wilson case through the amended counterclaim and condemnation. You can join them as a plaintiff? Well, as a counterclaim defendant, so long as there are common issues of law or fact under the federal rules permissive joinder provisions. And so, you know, they were named, they were served, they have appeared through Mr. Lindner, they filed a motion to dismiss. I can't recall as I stand here whether or not, you know, some of the arguments that Mr. Lindner has made about service of process were raised in the motion to dismiss. Obviously, if they weren't, those have been waived because they have not been presented in the first operative response. You have no—just so we're clear on my earlier question, you really—as a party, you don't have an objection to a remand to make it— to change the relief to a stay or a transfer, one or the other? Obviously— You just don't think we need to do it? Yeah, obviously I would— Maybe the court wouldn't like us if we did that? You don't have any objection to that? Obviously, I would prefer an affirmance, but I think the real reason that— Your client doesn't have any interest in getting the affirmance? The reason that my client has paid for me to come here and stand before you is because they want to make sure that there are no conflicting, duplicative, inefficient proceedings. We want things to proceed in an orderly fashion. Why didn't they just follow the statute and ask for an eminent domain under the district where the property is located? That's what the statute says. Then you wouldn't have to be standing here. They wouldn't have to pay money. We wouldn't have to be sitting here. Well, I mean, Your Honor, what's interesting about the statute is that it does not—it is never, as far as we can tell, has never been construed by any court, and particularly in a situation as with Columbia's counterclaims in the Wilson case where there are properties located in multiple districts. I'm not saying it's jurisdictional. I'm just asking you the question when you were bragging why your client was paying your fee. I was just saying, why didn't they do it the way the statute says to do it? Well, and I think the answer is because this was a fight that was brought to Columbia, first with the Wilson lawsuit, and then in the course of implementing the condemnation counterclaims in Wilson, I think this is one of two follow-ons. What is your counterclaim that you claim against these folks? It's eminent domain, condemnation under the Natural Gas Act. So that was your way to get around the statute? Well, it was our way of complying with the statute by seeking eminent domain, and the reason that we're here today is that the statute requires Columbia, prior to condemning, to seek to reach agreement, and the statute says that you can bring a condemnation if you're unable to reach agreement. The venue provision that they rely on is a venue provision for such a condemnation, though. Is that correct? Yes, it is. So my colleague's question still stands. It's not a legal question so much as a why didn't you do this kind of question. You could have brought a condemnation claim in the district that the statute mentions. You just say that you could have done it in this other situation having been sued in the other situation. Yes, I mean, principles of ancillary venue, I mean, I think, you know, it's a fascinating issue because it's one that's had so little judicial scrutiny. I mean, Mr. Linder talks about the general federal venue statute. It does say that you bring a condemnation in the district where the property is located, or if the property is located in more than one district, either of those districts. So this is not unprecedented that a counterclaim involving real property would be brought in a venue other than that where the property is located.  Prior to pumping gas into anybody's property, did your client seek to enter into some agreement? Well, our client obtained FERC certificates for all 14 of its Ohio storage fields. You know, in most cases, the properties that overlay the fields were already subject to oil and gas leases, storage leases, storage easements, but for a variety of reasons. There are in excess of 100,000 acres of land in Ohio that overlay storage fields, but 98% of that land is subject to a lease or an easement that permits storage. But for a variety of historical reasons, there's the remaining 2% where leases had expired or landowners could not be located, and that really, that 2% of the storage field area is what the Wilson class action was intended to address. The Wilson class action encompasses about 4,000 to 6,000 acres of land. The appellants here own five of those acres, more or less. Why is it that, although brought as a class action, it's, I guess, not going to proceed as a class action? Well, the court has not ruled on class certification one way or another. I mean, and, you know, the... If they had simply not brought it as a class action in the first place, would the first-to-file rule still apply in your favor? Because then they wouldn't have been putative class members, and the suit then arguably should have been brought in the northern. That's a much closer case. However, in that case, there would be an alternative ground for affirmance because, as I pointed out, Your Honor, we reached out to these people to try and negotiate, and they brought a lawsuit in response without waiting for us to initiate condemnation. Under those circumstances, even if the Batts case that's in front of the court were considered a second-filed case, it would have been appropriate to... or had been considered a first-filed case, it would have been appropriate to dispose of it under an exception to the first-to-file rule for anticipatory lawsuits. If Your Honors have no further questions, I think we would be content to rest on our briefs and on the record below, and we would ask the Court to affirm the judgment of the District Court, a judgment that was well within the bounds of Judge Wells' discretion. Thank you, Your Honor. Your Honors, Judge Rogers, I think you raised a couple of important points in your questioning. The most recent first, and that is if it had not been brought by Wilson as a potential class. Let's stop with much of that sentence. It is not Columbia Gas that brought this, or has been arguing for class certification. They've been arguing against it. Wilson brings it as a class and has gotten every indication they're not going to get it. My clients are getting negatively impacted by that, by the very fact of a procedural statement and a complaint that's already been implicitly denied by the courts. Second of all... The negative effect is you have to go to Cincinnati instead of wherever this case was brought, and that's a more complicated case because other parties are involved. Those are the negative effects, right? Yes. For example, under Ohio's eminent domain procedure, my clients are entitled to jury views. You're going to drag a jury up to Medina, Ohio from down in Cincinnati, or Columbus, whichever courthouse it's in. There's procedural avenues that my clients are entitled to under Ohio's statute. You're talking about being harmed because the jurors will be from farther away. They won't know Medina as well. I'm also talking about being harmed by the fact that my client... Every one of these cases are different. There's not going to be any inconsistent result that would affect another case. Each one's not really factually precedential for one another. They're all unique. And so, as a result, my clients are being harmed by... Right now, they don't have a court that will hear their case. They're tied up in a three-plus-year case. These are residential homeowners. What you're saying is different from what I asked. The harm is that they get tied up in a complicated case and it's farther away. That's the harm you're talking about. Those are big harms, though. It's financial harm. It's time harm. The harm in getting the eminent domain amount? Is that what you're talking about? No. The time that it takes to get the $250 or $500 or whatever it is. Well, and again, I think it will be significantly different. As far as end amounts. You're talking about the time of getting it. You're talking about the harm. I'm trying to see what the harm is. The harm is you're going to get embroiled in another case. Well, yeah, I understand that. And that other case that you're going to get embroiled in is a couple hundred miles farther away. Right? And, I guess, the associated fact that it's going to take you longer to get the money that you want out of the case. And, I mean, residential homeowners. I'm just trying to see if there's any other harm in addition to that. I understand those harms. No. I mean, and that's fair. I'm sorry. I'm blanking out at this moment. I apologize. But, ultimately, as the court said, they are not parties to a putative class until the class is certified. Therefore, there is no first-to-file issue here because there isn't anything filed against my clients. Accordingly, we ask the court to say first-to-file does not apply and remand this to the trial court for a hearing or for a trial on the merits. Thank you. You have raised a couple of times the uniqueness of land, and that's why you should have a separate forum. Am I correct? Yes. What is it? Are you talking the uniqueness in terms of damages or something else? Both. Okay. What's the something else? Well, first of all, each one of these homes are very different from one another. Lot sizes are very different from one another. I understand that, but that would go to damages. Okay. And the something else is that some of these people desire to stay there until their dying day. Some of these people would like to leave. Some of these people would like to just simply refinance. There's a lot of different. That goes to damages, doesn't it? Isn't that what the jury would determine in some kind of condemnation case? The answer is yes. That they have a right to bring. Yes. That is true. I'm trying to find out what this uniqueness is. Well, in the context of a class, it's trying to make one-size-formula fit all, and you can't have that in this context when all we're really arguing about in the class is monetary damages. That's the only thing at issue anyhow. Nobody's saying you don't have a right to do this under the federal statute. We say you had no right to do it until you notified us and followed procedure under the federal statute. But once you did that, Columbia Gas does have a right to do it. So you're right. We're only arguing about money damages, but one formula doesn't fit all. It can't. If the court certifies the class, you could opt out, right? When we would, yes. And you would. So you would be able to litigate your case at that time wherever. And so now we're six or seven years down the road, and my people who filed suit in 2014 now get to proceed forward on something they should have been able to do from the onset. And that's a unique set of harm to itself. My clients, why should they have to wait on this? They've waited for years. Why shouldn't they be able to go get their redress? There's no risk to the courts of inconsistent result. All we're talking about is a jury verdict on facts, on damages. That's it. In any of these cases, there's no legal issues involved in the substantive case. It's factual. Under that theory, a stay would do you no good. Right. Because that would still delay your day in court, which is thus far the only thing I've heard that shows any kind of prejudice on your behalf. Well, and you're right. A stay would do us no good. And that's why I'm asking for the court to say first to file would not apply in this circumstance because of the fact that this is not a real class matter. My clients were the first to file. And, you know, the equities of everything would also be in a good place. I took the strongest concern that I derived from your filings is that you might be precluded from ever recovering because of this. Yes, that's true. With the dismissal, that's true. The stay would protect that. That's true. But according to your brother counsel, the statute of limitations doesn't arise under this situation. So we've already got our lawsuit filed. I just don't know why my clients wouldn't be allowed an opportunity to simply get what they're going to ultimately have a right to get regardless. It's a question of fact. Thank you. Thank you, counsel. The case will be submitted. Please call the next case.